UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ELIZABETH MOORE,

    Plaintiff,

    v.

AMERICAN RED CROSS PACIFIC NW
REGIONAL BLOOD SERVICES, THE
AMERICAN NATIONAL RED CROSS, and
GOOD Shepherd HEALTH CARE
SYSTEM, dba GOOD Shepherd
COMMUNITY HOSPITAL,

    Defendants.

Civil No. 04-1263-HA

OPINION AND ORDER

HAGGERTY, Chief Judge:

    Plaintiff filed this action in the Circuit Court of the State of Oregon for the County of Multnomah. Defendant American National Red Cross (Red Cross) removed the action to federal court in September 2004 pursuant to statutory party-based jurisdiction under 36 U.S.C. § 300105(a)(5). Defendant Good Shepherd Health Care System (Good Shepherd) joined in the removal, which plaintiff did not challenge.

Page 1    Opinion and Order

Motions for summary judgment have been filed by defendant Red Cross [14] and defendant Good Shepherd [22]. These motions have been taken under advisement without oral argument. For the following reasons, these motions are granted.

## FACTUAL BACKGROUND

There are no material disputes regarding the facts presented in this case. Plaintiff was hospitalized in July 2002 at Good Shepherd Community Hospital. During this hospitalization plaintiff received red blood cell transfusions. Defendant American National Red Cross supplied the four units of blood that plaintiff received, and defendant Good Shepherd Health Care System administered the transfusions. Plaintiff subsequently developed symptoms that indicated she was suffering from what is known as a Hepatitis C Virus (HCV) infection. Plaintiff filed this suit, alleging that her infection was caused by the blood transfusions she received at Good Shepherd Community Hospital in July 2002. Specifically, plaintiff alleges that defendants were negligent in failing to adequately test and screen the blood used for her transfusions and its donors. Complaint at ¶ 7.

Defendant Red Cross seeks summary judgment on grounds that there is no issue of material fact regarding that all applicable standards of care were met regarding the collection, screening, and provision of the units of blood at issue. The donors were examined and their blood was tested and screened, both before their blood was collected and more than one year after their blood was used for plaintiff's transfusions. No indications of HCV infection arose in any of this testing. Defendant Good Shepherd seeks summary judgment on grounds that there is no evidence that it failed in any way to meet the applicable standards of care for administering the transfusions plaintiff received. Plaintiff opposes these motions for summary judgment,

Page 2    Opinion and Order

asserting that under the doctrine of *res ipsa loquitur*, summary judgment should be denied because it is more probable than not that plaintiff's HCV infection occurred because of negligence on the part of either the Red Cross or Good Shepherd.

## **STANDARDS**

Summary judgment is appropriate if no genuine issue exists regarding any material fact such that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party must show the absence of an issue of material fact. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id.*

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarmo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Id.* A mere disagreement about a material issue of fact, however, does not preclude summary judgment. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990). When the nonmoving party's claims are factually implausible, that party must come forward with more persuasive evidence than otherwise would be required. *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1147 (9th Cir. 1998).

The substantive law governing a claim or a defense determines whether a fact is material. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001).

There is no dispute that under Oregon law a professional standard of care applies to health care entities such as the Red Cross. Defendant Good Shepherd is held to the standard of a reasonable and prudent community hospital in the same or similar community. *Livingstone v. Portland General Hosp. Assoc.*, 357 P.2d 543, 547 (Or. 1960). To prevail in a medical negligence claim, a plaintiff must prove the existence of a causal link between the defendants' conduct and the plaintiff's harm. *Oregon Steel Mills, Inc., v. Coopers & Lybrand, LLP*, 83 P. 3d 322, 327 Or. (2004). A plaintiff must prove by a preponderance of the evidence that a defendant's conduct was a substantial factor in causing the alleged harm. *Roe Roofing, Inc., v. Lumber Products, Inc.*, 668 P.2d 425, 427 (Or. App. 1984).

## DISCUSSION

1.      Good Shepherd's Motion

The court turns first to the allegations directed toward defendant Good Shepherd. Plaintiff contended in her Complaint that Good Shepherd failed to properly store, test, and administer the blood units plaintiff received, and failed to adequately train and educate its personnel in testing, storing, and administering blood products. In its Motion for Summary Judgment, Good Shepherd established that plaintiff cannot show that her HCV infection was in any reasonable degree of probability due to any negligence on the part of Good Shepherd, or that Good Shepherd could be responsible for other reasonably probable causes of her infection. The unrefuted expert testimony presented by Good Shepherd through Michael Busch, M.D., and Bonnie Corey reveal that the Red Cross is responsible for screening and testing blood supplies that Good Shepherd uses in transfusions such as the one plaintiff received, and that Good Shepherd met or exceeded the standards of care applicable to the handling, storing, and

transfusing of blood received by plaintiff. Moreover, as discussed in greater detail below, there is no evidence that Good Shepherd knew or should have known that the blood received by plaintiff was infected – the uncontroverted evidence is that the units of blood tested negative for Hepatitis C prior to plaintiff's transfusion, and that the donors tested negative for the presence of Hepatitis C one year after their donations. *See* Declaration of Lance Trainor, M.D., in Support of the Red Cross Motion for Summary Judgment (Trainor Declar.), ¶¶ 4-9 (the Red Cross screened the donors and tested their blood for various infectious diseases including HCV and the testing was negative); *see also* Declaration of Michael Paul Busch, M.D., Ph.D., in Support of the Red Cross Motion for Summary Judgment (Busch Declar.), ¶¶ 21-23 (the donors and their blood tested negative for HCV prior to donating and one year after donating).

This court also agrees with Good Shepherd's assertion that in the absence of a concise statement of facts submitted by plaintiff, the Local Rules compel that the concise statements of material facts submitted by defendant Red Cross and incorporated by Good Shepherd must be deemed admitted. L.R. 56.1. These admissions, coupled with plaintiff's abandonment of any argument in support of her claims against Good Shepherd in plaintiff's responsive briefing, present independent grounds for granting Good Shepherd's motion.

2.    Red Cross's Motion

As noted above, the Red Cross presented evidence that the units of blood administered to plaintiff tested negative for Hepatitis C prior to plaintiff's transfusion, and that the donors also tested negative for the presence of Hepatitis C one year after their donations. *See* Trainor Declar. at ¶¶ 4-9 and Busch Declar. at ¶¶ 21-23. The donor histories and subsequent test results were presented in Exhibits H through L of the Trainor Declaration. If transfused blood is

Page 5    Opinion and Order

negative for HCV pursuant to Nucleic Acid Amplification testing used by the Red Cross, such as is the case here, the risk of HCV transmission from that blood is about one in two million. Busch Declar. at ¶ 7. If the donor is later tested and is negative, as is also the case here, that donor's blood is eliminated as a possible source for HCV infection. *Id*. Moreover, approximately ten to thirty percent of HCV infections occur in the United States with no known risk factors and no known causes. *Id*. at ¶ 6.

Plaintiff's expert acknowledged in sworn deposition testimony that if blood donors tested negative for HCV at the time of their donation and also one year after their donations, that their blood "would not be the source of [plaintiff's] hepatitis C." Deposition of Gerald Craigg, pp. 33-34, Attached as Ex. 1 to the Affidavit of Stephen C. Hendricks in Opposition to Defendants' Motions for Summary Judgment.

Despite this specific conclusion from Dr. Craigg that supports defendants' positions, defendants move to strike his entire testimony, and to strike related text from the Affidavit of Elizabeth Moore filed in Opposition to Defendants' Motions for Summary Judgment. *See* Red Cross's Motion to Exclude Deposition Testimony of Dr. Gerald Craigg and Strike Portions of Plaintiff's Declaration [47] and Good Shepherd's Motion to Strike Portions of Plaintiff's Declaration in Memorandum in Opposition [49]. Doctor Craigg opines generally in support of plaintiff's theory that either the Red Cross or Good Shepherd, or both, must be responsible for plaintiff's HCV infection; portions of plaintiff's declarations refer to and rely upon these opinions, as well. The Red Cross challenges Dr. Craigg's expert opinions on grounds that the doctor's methodology was incomplete and he failed to consider all possible hypotheses that could

explain the injury at issue (here, plaintiff's HCV infection). Similarly, Good Shepherd challenges plaintiff's reliance upon Dr. Craigg's allegedly incomplete reasoning.

These motions to strike are denied as moot, because defendants are entitled to summary judgment even if these filings were construed as properly before the court. Doctor Craigg's testimony, and plaintiff's reliance upon it, fail to create a triable issue of fact regarding whether these defendants could be responsible for plaintiff's infection.

Plaintiff presents no evidence suggesting that the Red Cross failed to meet all applicable standards of care regarding the screening, collection, storing, and delivery of the blood at issue. There is no dispute that the donors were screened properly, and that their blood was tested thoroughly and collected safely. There is no dispute that these donors were not infected with HCV one year after making the donations used on behalf of plaintiff. Plaintiff's reliance upon the doctrine of *res ipsa loquitur*, that summary judgment should be denied because it is more probable than not that plaintiff's HCV infection occurred because of negligence on the part of either the Red Cross or Good Shepherd, is misplaced. Plaintiff has failed to establish that her HCV infection more probably than not would not have occurred in the absence of negligence on the part of either the Red Cross or Good Shepherd. *See Bingenheimer v. State Farm Mut. Auto. Ins. Co.*, 100 P.3d 1132 (Or. App. 2004).

Moreover, as noted above, the Red Cross is entitled to summary judgment under this court's Local Rules. Plaintiff's failure to present a concise statement of material facts compels this court to construe defendants' concise statements of material facts as admissions. L.R. 56(1).

\\\

\\\

Page 7   Opinion and Order

**CONCLUSION**

For the reasons provided above, the motions for summary judgment by defendant Red Cross [14] and defendant Good Shepherd [22] are granted. Red Cross's Motion to Exclude Deposition Testimony of Dr. Gerald Craigg and Strike Portions of Plaintiff's Declaration [47] and Good Shepherd's Motion to Strike Portions of Plaintiff's Declaration in Memorandum in Opposition [49] are denied as moot.

IT IS SO ORDERED.

DATED this  2  day of March, 2006.


　　　　　　　　　　　　　　　　　　　　　　　　/s/Ancer L.Haggerty

　　　　　　　　　　　　　　　　　　　　　　　　Ancer L. Haggerty
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge